UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD WALTER LAGE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No. 2:15-cv-01790-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

FACTUAL AND PROCEDURAL HISTORY

On September 20, 2013, plaintiff filed an application for DIB, alleging disability as of June 1, 2009. *See* Dkt. 12, Administrative Record ("AR") 175, 24. The application was denied upon initial administrative review on February 28, 2014, and on reconsideration on July 3, 2014. *See* AR 24. A hearing was held before an administrative law judge ("ALJ") on January 26, 2015, at which plaintiff, represented by a non-attorney, appeared and testified, as did a vocational expert. *See id.*

In a decision dated June 12, 2015, the ALJ determined plaintiff to be not disabled. *See* AR 24-42. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 17, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481. On November 16, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on February 23, 2016. *See* Dkt. 12. Plaintiff submitted an opening brief; defendant submitted a responsive brief. *See* Dkts. 14, 20. The deadline has passed for plaintiff to submit a reply brief. *See* Dkt. 19. Thus, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record and thus in failing to properly determine plaintiff's residual functional capacity, and (2) in failing to properly consider the Department of Veterans Affairs ("VA") disability decision.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

"substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

I. The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1  omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence

2  has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield*

3  *v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

4        In general, more weight is given to a treating physician's opinion than to the opinions of

5  those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need

6  not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

7  inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at

8  1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*,

9  242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater

10  weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-

11  examining physician's opinion may constitute substantial evidence if "it is consistent with other

12  independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

    A.  <u>Ronald K. Miyatake, Ph.D.</u>

      Plaintiff challenges the ALJ's finding regarding the medical opinion of Dr. Ronald K. Miyatake. Dkt. 14, pp. 10-14. Plaintiff began receiving mental health counseling and psychiatric treatment at the Behavior Medicine Department of Naval Hospital Oak Harbor ("NHOH") in April 2008. AR 2388. Dr. Miyatake, a psychologist at NHOH, first treated plaintiff for an individual therapy session on August 10, 2010 and for group therapy on August 5, 2010. AR 345, 355. In a July 3, 2014 note and evaluation regarding plaintiff's impairments, Dr. Miyatake observed plaintiff has major depressive disorder, anxiety disorder NOS, agoraphobia and several physical conditions. AR 2388-93. Dr. Miyatake opined that "[p]rognosis or his recovery from these significant mental health issues is poor and they are expected to exceed 12 months in duration." AR 2388. Dr. Miyatake also observed that these issues have lasted for six years. *Id.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

Dr. Miyatake opined plaintiff has moderate to marked limitations related to a number of mental activities, including remembering locations and work-like procedures, understanding detailed instructions, interacting appropriately with others, and getting along with coworkers. AR. 2389. Dr. Miyatake also opined that plaintiff would miss work more than three times per month as a result of his impairments. AR 2393. In addition, Dr. Miyatake noted that in May 2014—just two months before Dr. Miyatake opined regarding plaintiff's limitations—plaintiff was hospitalized for in-patient psychiatric treatment to receive electroconvulsive therapy for depression. AR 2388, 2390.

The ALJ gave Dr. Miyatake's June 2014 opinion "little weight" finding that:

> Dr. Miyatake's rationale for such restrictions is not entirely consistent with the overall record. For instance, he indicated that the claimant's symptoms included slowed speech, social withdrawal, poor memory, and difficulty leaving his house treatment notes [sic]. However, the claimant['s] activities, as discussed above, are generally inconsistent with the social withdrawal and inability to leave the home purported by Dr. Miyatake. Additionally, the record shows few complaints or findings indicative of any notable memory issues or other cognitive problems. This suggests that Dr. Miyatake based his opinion largely on the claimant's report, which is not entirely credible for the reasons discussed above.
>
> Additionally, Dr. Miyatake predicates much of his opinion on the claimant's physical impairments. However, he is not a medical doctor, [and] is therefore not qualified to draw a conclusion based on the effect of the claimant's physical impairments.

AR 37-38 (citations omitted). Plaintiff argues that these are insufficient reasons for rejecting Dr. Miyatake's opinion. The undersigned agrees.

First, the ALJ discounted Dr. Miyatake's opinion because he found that Dr. Miyatake's opinion was based "largely" on plaintiff's subjective complaints after determining that Dr. Miyatake's opinion was not supported by the objective medical evidence. *See* AR 38. An "ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan*, 169 F.3d at 602 (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). However, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). Like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1999)).

The ALJ's finding that Dr. Miyatake's opinion is based largely on plaintiff's subjective complaints is not supported by substantial evidence or the record as a whole. Rather, Dr. Miyatake's opinion appears to have been based on plaintiff's six year history at NHOH, as well as Dr. Miyatake's nearly four year treatment history in individual and group therapy sessions. *See* AR 345, 355, 2388-93. Dr. Miyatake saw plaintiff weekly for individual or group therapy from August 2010 through at least the date of his opinion in July 2014. *See id.* At several visits, Dr. Miyatake conducted psychiatric exams. *See*, *e.g.*, AR 598-99, 688, 858, 878. On examination, Dr. Miyatake assessed Plaintiff's appearance, demonstrated behavior, mood, affect, thought process, and thought content. *See*, *e.g.*, *id.* In addition, Dr. Miyatake observed plaintiff at numerous group therapy sessions. *See*, *e.g.*, AR 691-92, 716-17, 719-20, 726-27, 738-39. In short, given Dr. Miyatake's extensive treatment history with plaintiff, the record does not demonstrate that Dr. Miyatake based his opinion of plaintiff's limitations more heavily on plaintiff's self-reports than on his clinical findings and treatment history with plaintiff. Thus, the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

ALJ's conclusion that Dr. Miyatake's opinion was based largely on subjective complaints and not objective medical findings was not supported by substantial evidence, and therefore was not a valid reason to discount Dr. Miyatake's opinion. *See Bayliss*, 427 F.3d at 1214 n.1.

      Second, the ALJ appears to have rejected Dr. Miyatake's opinion because he found it inconsistent with plaintiff's activities of daily living. However, Plaintiff's performance of his daily activities was more qualified than the ALJ's description would suggest. For example, although the ALJ noted Plaintiff attended his son's basketball games, the record reflects that the basketball games were one of the only activities plaintiff could attend outside the household and as of December 2011, plaintiff had not been off of Whidbey Island for "several years" due to his agoraphobia. *See, e.g.*, AR 717. Moreover, plaintiff often had difficulty after he attended an event for his son, such as difficulty leaving his home and not feeling well due to his agoraphobia. *See* AR 325, 329, 344. Claimants need not be "utterly incapacitated" to be eligible for disability benefits (*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)), nor should they "be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Moreover, although the ALJ generally mentioned some activities of daily living earlier in his decision (*see* AR 35-26), the ALJ did not identify what specific activities were inconsistent with Dr. Miyatake's opinion. *See* AR 38. The ALJ's failure to identify specific conflicting activities of daily living, or otherwise explain the nature of the alleged conflict, was error. *See*, *e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). As the ALJ has not explained how plaintiff's limited activities of daily living contradict the symptoms observed by Dr. Miyatake, and as Plaintiff should not be penalized for attempting to live a normal life, the ALJ erred in rejecting Dr. Miyatake's opinion on this basis.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

Third, the ALJ discounted Dr. Miyatake's opinion because he found that Dr. Miyatake based his opinion on plaintiff's physical impairments rather than mental impairments. AR 38. However, although Dr. Miyatake listed plaintiff's medical issues on his medical source statement, Dr. Miyatake also noted that plaintiff's prognosis was "poor" because of plaintiff's "significant *mental health* issues", not his physical limitations. AR 2388 (emphasis added). Indeed, aside from mentioning plaintiff's physical impairments, the remainder of Dr. Miyatake's opinion discusses plaintiff's mental health limitations, not plaintiff's physical limitations. *See* AR 2388-93. Thus, this additional reason for rejecting Dr. Miyatake's opinion is not supported by substantial evidence. Accordingly, none of the ALJ's reasons for rejecting Dr. Miyatake's medical opinion are specific and legitimate, supported by substantial evidence.

II.     VA Disability Rating

Plaintiff also challenges the ALJ's treatment of plaintiff's 80% disability rating by the VA (the "VA disability rating"). Dkt. 14, pp. 15-16. Although a determination by the VA about whether a claimant is disabled is not binding on the SSA, an ALJ must consider that determination in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the two federal disability programs. *See id.* (describing similarities in the programs). However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

Here, the ALJ did not provide persuasive, specific, or valid reasons for giving no weight to the VA disability rating. Rather, the ALJ noted that "[t]he record additionally notes a combined service connection disability of 80% based on 50% for adjustment disorder, 50% for sleep apnea, 10% for tendon inflammation, and 10% for tinnitus." AR 38. The ALJ went on to detail the differences in the VA disability program and the SSA's disability programs and provided a recitation of federal regulations and case law. *See* AR 38-39. Finally, the ALJ noted that:

> The Veterans Administration has not opined that the claimant was unemployable in these ratings decisions. Although they provided a basis for their determination and recited GAF scores, they also did not provide provides [sic] an individualized assessment that focuses on a claimant's ability to perform work in the national economy. Thus, I give these numeric ratings little to no weight.

AR 39 (citation).

The ALJ's recitation of case law and notation of what the VA disability rating lacked falls far short of the "persuasive, specific, and valid reasons" required for giving less weight to such a determination from the VA. *See McCartey*, 298 F.3d at 1076. Indeed, the ALJ essentially gave *no* reason for doing so in this case, other than noting that the VA disability rating in the record contained no determination regarded plaintiff's ability to engage in employment in the national economy. *See* AR 39. This is not a persuasive, specific, or valid reason for giving little to no weight to the VA disability rating.

Defendant contends the ALJ reasonably rejected the VA disability rating and notes that the rating "was contained in a treatment note …. [and] there was no evidence in the VA rating or other records that Plaintiff was not employable." Dkt. 20, pp. 16-17. However, when the record is not adequate to allow for a proper evaluation of a VA disability determination, the ALJ has a "duty of inquiry". *McLeod v. Astrue,* 634 F.3d 516, 522 (9th Cir.2011). Therefore, if the ALJ did

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

not find the VA record to be adequate to allow for proper evaluation of the VA disability determination, and could only focus on the lack of evidence before him to justify rejection of the VA disability rating determination, the ALJ had a duty to inquire further. *See id.* Thus, for the reasons discussed, the ALJ failed to provide sufficient reasons for rejecting the VA's disability rating decision.

III. <u>This Matter Should Be Remanded for Further Administrative Proceedings</u>

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record, and because the ALJ failed to provide sufficient reasons for rejecting the VA's disability rating decision,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

remand for further consideration of these issues—as well as, if necessary, the issue of whether plaintiff is capable of performing her past relevant work or other jobs existing in significant numbers in the national economy[2]—is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 4th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[2] If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett,* 180 F.3d at 1098-99; 20 C.F.R. § 416.920(d), (e).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12